UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LASHAWN TERRELL LOGAN,

          Plaintiff,

      v.                                                    Case No. 05-C-592

DR. ZIMMEL,
DR. BUDDE,
LT. HILPERT, and
DR. D. JASKULSKY,

          Defendants.

## DECISION AND ORDER

      The plaintiff, LaShawn Terrell Logan, a prisoner confined at the Racine Youthful Offender Correctional Institution (RYOCI), lodged this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, along with a petition to proceed *in forma pauperis*. As ordered, the plaintiff paid an initial partial filing fee. (June 2, 2005 Order). The petition is now ready for determination and the complaint for screening pursuant to 28 U.S.C. § 1915A.

      The plaintiff paid an initial partial filing fee in the amount of $.83 on June 27, 2005. His petition to proceed *in forma pauperis* will be granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the full $250 filing fee for this action. The $249.17 balance of the filing fee will be collected in the manner set forth below.

The court must dismiss a complaint or any portion thereof if the plaintiff prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

A claim is legally frivolous when it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Nietzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: (1) that they were deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The plaintiff claims that on May 11, 2005, he was placed on observation status. (Compl. ¶ IV. A.). Around 9:20 p.m., the plaintiff pushed his cell's emergency button and informed Segregation Unit Sgt. Waller that he was hearing voices and that the voices were "saying to harm [himself]." (Compl. ¶ IV. A.). Waller inquired whether the plaintiff was thinking about killing himself. (Compl. ¶ IV. A.). The plaintiff responded that he was not, but stated that he wished to talk to a psychologist due "to [his] mental health issues and that [he was then] on mental health monitoring." (Compl. ¶ IV. A.). The plaintiff also told third shift Correctional Officer Erndmann that he was "okay." (Compl. ¶ IV. A.). The plaintiff further stated that he did not need to be on "observation suicide watch." (Compl. ¶ IV. A.).

Waller contacted Captain Milliren, who confirmed with the plaintiff that he would be "okay" until the next day. (Compl. ¶ IV. A.). When Third Shift Lieutenant Hilpert came on duty, she "took things in her hands" by contacting Dr. Zimmel, the RYOCI psychologist. (Compl. ¶ IV. A.). Hilpert told Zimmer that the plaintiff had threatened to hang himself, a statement the plaintiff denies having made. (Compl. ¶ IV. A.). With the approval of Zimmel, Hilpert placed the plaintiff on observation status at 10:50 p.m. on May 11, 2005. (Compl. ¶ IV. A.). He was placed in a blue "suicide gown" and given a hard "high security mattress," which was "very painful" to the plaintiff's legs. (Compl. ¶ IV. A.). The plaintiff was placed in a cold cell in which the "toilet was stopping up." (Compl. ¶ IV. A.). Hilpert told Erndmann to replace the plaintiff's meals with bag lunches, which were "very cold." (Compl. ¶ IV. A.). The plaintiff did not have a bowel movement for five days "because of the amount of food that was [given to him] in the bag lunch." (Compl. ¶ IV. A.).

3

On May 12, 2005, Dr. D. Jaskulsky came to see the plaintiff and provided him with clothes, which the plaintiff had been without in observation status. (Compl. ¶ IV. B.). Jaskulsky asked the plaintiff if he felt like harming himself and the plaintiff stated he did not. (Compl. ¶ IV. B.). Jaskulsky kept the plaintiff on observation status and told the plaintiff he needed to wait and see his assigned psychologist. (Compl. ¶ IV. B.).

The plaintiff remained on observation status from May 11 to May 17, 2005. (Compl. ¶ IV. B.). He was then released back to his segregation cell. (Compl. ¶ IV. B.). He claims that he should not have been put on observation status, that "false statements" were made about him, and that his First Amendment rights were violated. (Compl. ¶ IV. B.).

The First Amendment protects citizens' rights to discuss all matters of public concern (free speech), to join together to petition the government for redress (petition), and to gather in public places for social or political purposes (assembly). *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765, 776 (1978); *United Mine Workers v. Illinois Bar Ass'n*, 389 U.S. 217, 221 (1967); *Coates v. Cincinnati*, 402 U.S. 611, 615 (1971); *Currier v. Baldridge*, 914 F.2d 993, 995 (7th Cir. 1990). The plaintiff has not alleged facts allowing the inference that his rights to free speech, petition or assembly have been violated. Thus, the plaintiff fails to state a First Amendment claim.

The plaintiff claims that for six days, he was in a cold observation cell in which the toilet was stopping up. The Eighth Amendment protects prisoners from cruel and unusual punishment. Thus, conditions of confinement which "deprive inmates of the minimal civilized measure of life's necessities," or constitute a deprivation of basic human needs may establish an Eighth Amendment violation. *Rhodes v. Chapman*, 452 U.S. 337, 347-349 (1981). In addressing the human need to eliminate wastes in a sanitary manner, courts have considered the need for a functioning toilet in

4

prison cells.  In *Flakes v. Percy*, 511 F. Supp. 1325, 1332 (W.D. Wis. 1981), the court addressed the cells lacking toilets and hot water, concluding that confining a person "for any significant period of time without a flush toilet would violate the Constitution."  In *Howard v. Wheaton*, 668 F. Supp. 1140, 1141,  (N.D. Ill. 1987), the court concluded that depriving an inmate of a functioning toilet and hot water for 13 consecutive days did not amount to a *de minimis* injury where unsanitary conditions and prisoner's illness resulted, causing the prisoner "great pain."  The complaint does not allege that the "stopping up" of the toilet was such to deprive him of a functioning toilet for any period of time or to create unsanitary conditions.  Thus, the plaintiff has not alleged a deprivation or injury relating to the observation cell toilet.

The plaintiff claims that he was constipated for five days due to the amount of food provided to him.  If, as alleged, the plaintiff's consumption of the "amount of food" provided caused the problem complained of, he, in essence, punished himself.  Thus, he does not state a claim.  *See Rodriguez v. Briley*, 420 F.2d 952, 953 (7th Cir. 2005) (refusal to comply with reasonable rule relating to leaving prison cell which resulted in prisoner missing meals and showers and to lose substantial weight not cruel and unusual punishment because prisoner was, in essence, punishing himself).

The plaintiff has not stated a First Amendment or Eighth Amendment claim.  There are no other allegations in the complaint that the plaintiff suffered an injury of a constitutional magnitude.  Accordingly, the complaint and this action will be dismissed for failure to state a claim.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (docket # 2) be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $249.17 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted;

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly; and

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

Dated at Milwaukee, Wisconsin this 18th day of July, 2005.

BY THE COURT:

s/ Rudolph T. Randa
HON. RUDOLPH T. RANDA
Chief Judge